IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JACK E.THORNTON, <br> TDCJ-CID #752002, <br><br> Plaintiff, <br><br> v. <br><br> TERRILYNN MERCHANT, *et al*., <br><br> Defendants. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | <br><br><br><br><br> CIVIL ACTION NO. H-10-616 |

**MEMORANDUM AND ORDER**

State inmate Jack E. Thornton (TDCJ #752002) has filed a complaint under 42 U.S.C. § 1983, alleging violations of his civil rights by false disciplinary action and retaliation. Pending before the Court is a motion for summary judgment by the defendants [Doc. # 34]. Thornton has filed a reply on his behalf [Doc. # 37]. After reviewing all of the pleadings, and the applicable law, the Court grants the defendants' motion.

**I.     BACKGROUND**

Thornton is currently incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ) at the Wynn Unit in Huntsville. Thornton originally filed suit [Doc. #7] against numerous correctional officials employed in one capacity or another by TDCJ at the Wynne Unit. He also named two TDCJ inmates as defendants. Thornton alleged that the defendants participated in a conspiracy to violate his civil rights by filing a false disciplinary case against him, revoking his craft shop privileges, and wrongfully disposing of his craft shop tools and materials.

Thorton was an avid wood worker at the Wynne Unit craft shop and often sold his handiwork to TDCJ officers which enabled him to purchase his own materials and woodworking tools. This all ended on or about May 6, 2008, when Officer Terrilynn Merchant filed a prison disciplinary charge against Thornton accusing him of using deceptive means to further his woodworking enterprise in violation of TDCJ rules. The specific charge was that Thornton represented himself to a vendor as a craft shop manager in order to receive a discount on his purchases. On May 14, 2008, Thornton appeared for a disciplinary hearing in case #2008245407. Thornton had admitted that he sent a letter to an approved vendor (Rockler Woodworking & Hardware) in which he held himself out as a "professional woodworker" to obtain a special discount from the company. Thornton argued that he was qualified for such status because he sold his goods to correctional officers which entitled him to receive a discount, but denied he ever indicated that he was a craft shop supervisor. After considering the charging officer's testimony and written report, the disciplinary hearing officer found Thornton guilty of engaging in deception, and imposed the following punishments: 30 days cell restriction, 30 days of his commissary restriction, and 8 days of solitary confinement that Thornton had already served in pre-hearing detention. Thornton filed a Step 1 grievance appealing the disciplinary decision; however, the decision was upheld based on the fact that he had obtained a discount which he was not entitled to receive. He then filed a Step 2 grievance which was also denied and the decision was upheld based on the preponderance of the evidence. Thornton's tools and materials were placed in storage and were later destroyed after he failed to make arrangements to dispose of them. His craft

shop privileges were revoked, and the Unit Classification Committee assigned him to a different area of the prison. Thornton reapplied to go back to the craft shop and placed his name on a waiting list. He also sought help from various officials, but his efforts at reinstatement were unsuccessful.

On July 31, 2008, Thornton filed a lawsuit against TDCJ, Officer Merchant, a disciplinary hearing officer, a warden, and an unnamed Rockler employee challenging the outcome of the disciplinary proceeding and complaining about his loss of property and removal from the craft shop. The district court, the Honorable Sim Lake presiding, dismissed the complaint as frivolous. *Thornton v. Merchant*, No. H-08-2386 (S.D. Tex. Sept. 30, 2008). Thornton filed an appeal which the United States Court of Appeals for the Fifth Circuit found to be meritless and dismissed it as frivolous. *Thornton v. Merchant*, No. 08-20768 (5th Cir. Jul. 10, 2009).

In the pending case, Thornton contends that the disciplinary charge was false and that he was wrongly found guilty based on Officer Merchant's speculative testimony that he had misrepresented himself as a supervisor. He further alleges that Officer Merchant delegated the duty of Thornton's property disposal to two 'favored' inmates who had been scheming against Thornton in the craft shop. He also claims that Officer Merchant prevented him from returning to the craft shop in retaliation for his complaints accusing her of mishandling his craft shop property.

Thornton included two inmates as Defendants in his original complaint for their roles in the loss of his property. He also named the unit warden along with other administrative

officials as defendants claiming that they violated his rights by conspiring to deprive him of his property denying him access to the craft shop. Thornton claims that the revocation of his craft shop privileges caused him extreme stress and mental anguish. Consequently, he seeks $3,000.00 in compensatory damages for his lost property along with $2,000.00 for each year of lost profits due to his lack of access to the craft shop. He also requests punitive damages in the amount of $10,000.00 from each defendant and the filing of criminal charges against the defendants for engaging in a conspiracy to deprive him of his property.

This Court, in an earlier ruling in this case, found Thornton's claim regarding the loss of property was barred by the *Parratt/Hudson* doctrine and that the alleged deprivation of personal property did not implicate any due process violation and dismissed the claim under 28 U.S.C. § 1915(e) [Doc. # 12] at 20, 22. The Court further found that Thornton failed to state a claim for relief under the theory that the defendants conspired against him and dismissed the claim under 28 U.S.C. § 1915(e). *Id.* at 24. The Court also found that his complaint regarding his mental distress was meritless because he failed to indicate that the alleged deprivation was sufficiently serious to implicate an Eighth Amendment violation. *Id.* at 25 (citing 42 U.S.C. § 1997e(e)). Thornton's complaint regarding his failed attempts to resolve his problems through the grievance process lacked any legal basis because there is no constitutionally protected interest in the process. *Id.* at 26. Finally, the Court found that Thornton had no constitutional right to have the defendants investigated for criminal wrongdoings or to have charges brought against them [Doc. # 12], at 27. The only claim remaining in this case is that Officer Merchant allegedly retaliated against Thornton based

on her refusal to reinstate Thornton's shop privileges in retaliation for the complaints that he filed against her. *Id.* at 29.

Officer Merchant asserts the defense of qualified immunity as a state official and presents three arguments in support of her Motion for Summary Judgment [Doc. # 34].

    1.    The Eleventh Amendment bars Thornton's claims against Officer Merchant in her official capacity.

    2.    Thornton has not shown that Officer Merchant has retaliated against him.

    3.    Officer Merchant is entitled to qualified immunity.

*Id.* at 3, 4.[1]

## II. STANDARD OF REVIEW

Motions for summary judgment are governed by Rule 56 of the Federal Rules of Civil Procedure. Under this rule, a reviewing court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). A fact is "material" if its resolution in favor of one party might affect the outcome of the suit under governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue is "genuine" if the evidence is sufficient for a reasonable jury to return a verdict for the non-moving party. *Id.*

---

[1] Officer Merchant submits the following in support of her motion: Exhibit A, Affidavit of Terrilynn Merchant [Doc. # 34-2]; Exhibit B, Affidavit of Craft Shop Officer Phoebe Williams [Doc. # 34-3]; Exhibit C, Affidavit of Wynn Unit Warden O'Hare [Doc. # 34-4]; Exhibit D, TDCJ Policy AD-14.59, "Offender Piddling and Craft Sales" [Doc. # 34-5]. and Exhibit E, Thornton's Disciplinary Records [Docs. ## 34-6, 34-7, 34-8].

If the movant demonstrates the absence of a genuine issue of material fact, the burden shifts to the non-movant to provide specific facts showing the existence of a genuine issue for trial. *See Matsushita*, 475 U.S. at 587. In deciding a summary judgment motion, the reviewing court must "construe all facts and inferences in the light most favorable to the nonmoving party." *Dillon v. Rogers*, 596 F.3d 260, 266 (5th Cir. 2010) (internal citation and quotation marks omitted). However, the non-movant cannot avoid summary judgment simply by presenting "conclusory allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation." *TIG Ins. Co. v. Sedgwick James of Wash.*, 276 F.3d 754, 759 (5th Cir. 2002); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). The non-movant may not rely on his personal opinion, such as an unsupported belief that he is a victim of retaliation, to defeat a movant's showing that there is an absence of material fact. *Woods v. Edwards*, 51 F.3d 577, 580 (5th Cir. 1995). Further, the court has no obligation under Rule 56 "to sift through the record in search of evidence to support a party's opposition to summary judgment." *Adams v. Travelers Indem. Co.*, 465 F.3d 156, 164 (5th Cir. 2006) (quotation omitted).

The plaintiff proceeds *pro se* in this case. Courts construe pleadings filed by *pro se* litigants under a less stringent standard than those drafted by attorneys. *See Haines v. Kerner*, 404 U.S. 519 (1972); *Bledsue v. Johnson*, 188 F.3d 250, 255 (5th Cir. 1999). Pleadings filed by a *pro se* litigant are entitled to a liberal construction that affords all reasonable inferences which can be drawn from them. *See Haines*, 404 U.S. at 521; *see also United States v. Pena*, 122 F.3d 3, 4 (5th Cir. 1997) (citing *Nerren v. Livingston Police Dept.*,

84 F.3d 469, 473 & n.16 (5th Cir. 1996)). Nevertheless, a *pro se* litigant may not effectively oppose summary judgment with "conclusional allegations, unsupported assertions, or presentation of only a scintilla of evidence." *McFaul v. Valenzuela*, — F.3d —, 2012 WL 2210300, *4 (5th Cir. Jun. 18, 2012) (citing *Hathaway v. Bazany,* 507 F.3d 312, 319 (5th Cir. 2007).

### III.　OFFICIAL CAPACITY CLAIMS

Thornton sues Officer Merchant in her individual and official capacity. In reality, a suit against a state official in her official capacity is a suit against the state and the department which she serves. *See Hafer v. Melo*, 502 U.S. 21, 25 (1991). Neither a state nor its agencies are "persons" under 42 U.S.C. § 1983. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989). There are instances in which a state official may be sued in her official capacity for injunctive relief. *Meza v. Livingston*, 607 F.3d 392, 412 (5th Cir. 2010) (citing *Ex Parte Young*, 209 U.S. 123, 159–160 (1908)). In this action, Thornton seeks monetary compensation and not relief which implicates a departmental policy change. Therefore, Thornton's damages claims against Officer Merchant in her official capacity shall be dismissed because the Eleventh Amendment bars suits for money damages from TDCJ officers in their official capacities in civil rights proceedings. *Oliver v. Scott*, 276 F.3d 736, 742 (5th Cir. 2002).

### IV.　RETALIATION

Thornton's craft shop privileges were revoked after he was found guilty of deception and he has not been able to return to the craft shop. Thornton contends that Merchant prevented him from returning to the shop because he had filed grievances against her. In her

motion for summary judgment, Merchant contends that claims regarding the disciplinary action are barred in this action by *Heck v. Humphrey*, 512 U.S. 477 (1994). The Court finds that the challenges to the disciplinary proceeding were previously dismissed as frivolous because the punishments consisted of a temporary withholding of privileges. *Thornton v. Merchant*, Civil Action No. H-08-2386 [Doc. # 5, at 4 (citing *Sandin v. Connor,* 515 U.S. 472, 115 S.Ct. 2293, 2300 (1995))]. These rulings will not be revisited. *See generally Mayfield v. Collins*, 918 F.2d 560, 561-62 (5th Cir. 1990). Claims regarding Thornton's forfeiture of craft shop privileges and his anguish over the loss were previously dismissed in this action and will not be reconsidered [Doc. # 12], at 25.

The issue that remains is whether Officer Merchant retaliated against Thornton for filing grievances against her. *See Morris v. Powell,* 449 F.3d 682, 686 (5th Cir. 2006) ("The purpose of allowing inmate retaliation claims under § 1983 is to ensure that prisoners are not unduly discouraged from exercising their constitutional rights." (citing *Crawford–El v. Britton,* 523 U.S. 574, 588 n.10 (1998))). Thornton alleges that Officer Merchant retaliated against him by interfering with his efforts to return to the craft shop through her manipulation of the applicant waiting list. He asserts that she did this because he filed grievances and complaints against her.

"To prevail on a claim of retaliation, a prisoner must establish (1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation." *Morris v. Powell*, 449 F.3d 682, 684 (5th Cir. 2006) (quoting *MacDonald v. Steward*, 132 F.3d 225, 231 (5th Cir.

1998)). *See also McFaul*, — F.3d —, 2012 WL 2210300 at \*10. Causation requires a showing that "but for the retaliatory motive the complained of incident . . . would not have occurred." *MacDonald*, 132 F.3d at 231 (quoting *Johnson v. Rodriguez*, 110 F.3d 299, 310 (5th Cir.1997)). The prison inmate must either produce direct evidence of motivation or show that but for some retaliatory motive the complained of incident would not have happened. *Allen v. Thomas*, 388 F.3d 147, 149 (5th Cir. 2004) (citing *Woods v. Smith,* 60 F.3d 1161, 1166 (5th Cir. 1995)). The Court must also consider whether the plaintiff has shown that the defendant's adverse act caused him to suffer an injury that would "chill a person of ordinary firmness from continuing" to exercise the protected right. *Izen v. Catalina*, 398 F.3d 363, 367 (5th Cir. 2005).

In May, 2008, Thornton's craft shop privileges were revoked pursuant to TDCJ policies and procedures that authorize the Warden to act when an inmate violates TDCJ's rules and regulations. *See* Exhibit C [Doc. # 34-4], at 3; Exhibit D [Doc. # 34-5], at 5. In May, 2009, Thornton sought reinstatement of his craft shop privileges, a decision that was subject to the Warden's discretion. *Id.* Having been removed from the craft shop prison, applicable prison rules required that inmates wait at least six months before again becoming eligible for consideration for craft shop privileges. *Id.* Also, Thornton was required to meet other criteria, such as maintaining minimum classification and custody level and a clean disciplinary record. *Id.* The evidence demonstrates that there were (and are) only a limited number of spots for inmates in the craft shop and the applicant list for those privileges consistently is longer than the list of actual participants. Exhibit B [Doc. # 34-3], at 3-4.

Consequently, the waiting period can be as long as three years. *Id.* Moreover, an inmate who meets the requirements is not automatically placed on the list. *Id.* Finally, the evidence is uncontradicted that it is the Warden, not the craft shop supervisor, that makes the final determination about who is qualified. *Id.*

Although Thornton was placed on the waiting list, his name thereafter was removed because he received another disciplinary charge. *See* Exhibit C [Doc. # 34-4], at 3; Exhibit E [Doc. # 34-8], at 18-21. Thornton has presented no evidence that Officer Merchant had any involvement in the subsequent disciplinary action against Thornton or the decision to remove Thornton from the craft shop waiting list. A retaliation claim is not legally supportable absent a showing that a defendant was directly involved in the adverse act against the plaintiff. *See Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983) ("Personal involvement is an essential element of a civil rights cause of action."); *see also Aruanno v. Main*, 467 F. App'x 134, 138 (3d Cir. 2012) (dismissal of inmate's retaliation claim upheld on the basis that inmate failed to allege that the defendants were personally involved in the wrongdoing). Moreover, Officer Merchant has shown that it was the Warden's decision, not hers, about whether Thornton could be reinstated in the craft shop. In light of the evidence presented by Defendant, Thornton has not and cannot present "a chronology of events from which retaliation may plausibly be inferred.'" *Allen v. Thomas*, 388 F.3d 147, 149 (5th Cir. 2004) (quoting *Woods v. Smith,* 60 F.3d at 1166). Thornton's personal belief that Officer Merchant retaliated against him by preventing him from returning to the craft shop is insufficient to overcome the proof that she had no control over the decision. *Allen v. Jones*,

458 F. Appx. 408, 410 (5th Cir. 2012) (citing *Woods*, 60 F.3d at 1166).[2]

There is no evidence that Officer Merchant had any personal involvement with Thornton's lack of qualification for craft shop privileges after he was removed from the list. Thornton has not raised a genuine issue of material fact that Officer Merchant had any personal involvement in his failure to requalify for craft shop privileges. *See Thompson v. Steele*, 709 F.2d at 382. Therefore, the Court dismisses the retaliation claim.

---

[2]  In addition to demonstrating her lack of control over who qualifies for access to the craft shop Officer Merchant presents convincing evidence that there are only a few openings and that the selection process is very competitive. *See* Exhibits B, C, and D. Consequently, permission cannot be granted to everyone who wants to work in the craft shop regardless of their records and qualifications. The evidence demonstrates that access to the craft shop is a privilege and not a right. *See* TDCJ Administrative Directive No. AD-14.59 (entitled "Offender Piddling and Craft Sales" (emphasis added)) establishing guidelines and procedures for managing the craft shop. Officer Merchant deduces that, even if there were shown to have been a retaliatory motivation behind denials of special privileges such as access to the craft shop, the loss of these privileges is "so *de minimis* that [it] would not deter the ordinary person from further exercise of his rights." *Compare Morris*, 449 F.3d at 686-87 (inmate's transfer from the prison commissary to the kitchen held *de minimis,* but transferring him to a more dangerous prison unit held sufficiently adverse to qualify as a retaliatory act). Although there is a good argument that denial of access to what is reasonably considered a leisure time activity is no more than a *de minimis* adverse act, there is also case law indicating that such a move may be retaliatory even though the act by itself may not implicate a constitutional right. *See Hart v. Hairston*, 343 F.3d 762, 764 (5th Cir. 2003) (cell restriction and loss of commissary for 27 days was sufficient to establish "retaliatory act"). In its prior Memorandum and Opinion [Doc. # 12], this Court determined that it could not conclude as a matter of law that Thornton had failed to plead the existence of a retaliatory act, because craft shop privileges are so coveted by the inmate population that the threat of deprivation of this privilege may be sufficient to deter him from exercising a constitutional right in some circumstances. *Id.*; *Bibbs v. Early*, 541 F.3d 267 (5th Cir. 2008). The case law has not been clarified and, consequently, the Court declines to reach the issue of whether the loss of this privilege could be a retaliatory act for present purposes.

### V.     **QUALIFIED IMMUNITY**

In addition to Officer Merchant arguing for dismissal based on Thornton's failure to raise a genuine fact issue on his retaliation claim that she committed an adverse act in retaliation for his exercise of a protected right, Officer Merchant asserts the defense of qualified immunity. Qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law." *Morgan v. Swanson*, 659 F.3d 359, 370-371 (5th Cir. 2011) (citing *Malley v. Briggs*, 475 U.S. 335, 341 (1986)). When a government official raises a qualified immunity defense in a civil rights proceeding, the court must make two determinations. *Ontiveros v. City of Rosenberg*, Tex. 564 F.3d 379, 382 (5th Cir. 2009). First, there must be a finding as to whether the plaintiff has shown that a protected right was actually violated. *Id.* Second, the court must look at the relevant law to determine whether the plaintiff's rights were clearly established at the time of the incident in question. *Id.* The contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right. *Anderson v. Creighton*, 483 U.S. 635, 640 (1987). When considering the second question, the court must determine whether the law "clearly and unambiguously" prohibited the complained of act such that "*every* 'reasonable official would understand that what he is doing violates [the law]." *Morgan*, 659 F.3d at 371 (citations omitted; emphasis added in *Morgan*). A court cannot find that the right was clearly established unless it can "point to controlling authority—or a "robust 'consensus of persuasive authority'—that defines the contours of the right in question with a high degree of particularity." *Id*. at 371-372 (internal quotations and citations omitted).

Officer Merchant's assertion of qualified immunity has merit because there are divergent Fifth Circuit opinions on whether exclusion from the craft shop would discourage an inmate from exercising his right to file grievances against an official. *See Morris*, 449 F.3d at 686-87 (transfer from the prison commissary to the kitchen deemed *de minimis* and insufficient to support retaliation claim); *Hart*, 343 F.3d at 764 (temporary cell restriction and loss of commissary for 27 days were privileges sufficient to support retaliation). *See also Burgos v. Canino*, 358 F. App'x 302, 307 (3d Cir. 2009) (occasional denial of one hour exercise period was not sufficiently adverse to constitute retaliatory act); *Davis v. Goord,* 320 F.3d 346, 353 (2d Cir. 2003) (prisoners are expected to tolerate a higher level of adversity than average citizens before the actions are considered retaliatory). This lack of clarity concerning which aspects of prison life are protected in this context entitles Officer Merchant to qualified immunity from Thornton's retaliation claim. The law was not sufficiently clear and unambiguous at the time of her questioned conduct that any reasonable official would have understood that excluding an inmate from craft shop recreational activities is a violation of that inmate's protected rights. *Anderson v. Creighton*, 483 U.S. 635, 640 (1987). *Morgan*, 659 F.3d at 383-384. For this alternative reason, Thornton's retaliation claim must be dismissed.

## VI.   CONCLUSION AND ORDER

For the reasons set forth in this Memorandum, the Court **ORDERS** as follows:

1. Defendant Officer Merchant's motion for summary judgment [Doc. # 34] is **GRANTED**.

    2.    This case is **DISMISSED with prejudice.**

The Clerk will provide a copy of this order to the parties and a separate final judgment will issue.

SIGNED at Houston, Texas, on <u>July 26</u>, 2012.

 

_____
Nancy F. Atlas
United States District Judge